UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHAUNNA L. DODD,<br><br>　　Petitioner<br><br>v.<br><br>JERRY HOWELL, *et al.*,<br><br>　　Respondents. | Case No.: 2:21-cv-01398-GMN-EJY<br><br>Order Granting in Part and Denying in Part Motion to Dismiss<br><br>(ECF No. 33) |

In Shaunna L. Dodd's 28 U.S.C. § 2254 Habeas Corpus Petition she challenges her murder conviction, arguing trial court error at trial and sentencing and ineffective assistance of counsel. (ECF No. 22.) Respondents move to dismiss the Petition on the basis that is untimely and/or because some grounds are unexhausted/procedurally defaulted. (ECF No. 33.) Because the Court concludes that grounds 2 and 3(B) are untimely, the Motion is granted in part.

**I.     Background**

In October 2013, in Second Judicial District Court (Washoe County), Nevada, a jury convicted Dodd of First Degree Murder with Use of a Firearm. (Exh. 86.)[1] Dodd

---
[1] Exhibits referenced in this order are exhibits to Respondents' Motion to Dismiss, ECF No. 33, and are found at ECF Nos. 34-37.

was found guilty of shooting her husband in December 2012 and staging a home invasion to cover up the murder. (*See* Exh. at 16-41.) She waived her right to a penalty hearing, and the state district court sentenced Dodd to life in prison without the possibility of parole. (Exhs. 87, 92.) Judgment of conviction was entered on December 3, 2013. (Exh. 94.) The Nevada Supreme Court affirmed Dodd's conviction in December 2014 and the Nevada Court of Appeals affirmed the denial of her state postconviction habeas petition in June 2021. (Exhs. 123, 202.)

Dodd dispatched her federal habeas petition for mailing about July 26, 2021. (ECF No. 1-1.) The Court granted her Motion for Appointment of Counsel. (ECF No. 10.) She filed an Amended Petition through counsel raising the following grounds:

> Ground 1: The trial court erred by permitting unduly prejudicial evidence of Dodd's sexual history with Ryan Bonnenfant and failing to give an appropriate limiting instruction.
>
> Ground 2: The trial court improperly considered Dodd's apparent lack of remorse at sentencing in violation of her Fifth and Eighth Amendment rights.
>
> Ground 3: Trial counsel was ineffective for failing to:
>
>     A. call a forensic pathologist to testify;
>     B. call a DNA expert to testify.
>
> Ground 4: Trial counsel was ineffective for failing to investigate and present evidence of alternative suspects.

(ECF No. 22 at 19-50.)

Respondents now move to dismiss the Petition on the basis that that, except for ground 1(B), none of the claims relate back to a timely petition. They also argue that some grounds are noncognizable or exhausted and/or procedurally barred. (ECF No. 33.) Dodd opposed, and Respondents replied. (ECF Nos. 39, 42.)

## II. Legal Standards & Analysis

### a. AEDPA Statute of Limitations and Relation Back

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d).  The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).  A properly filed petition for state postconviction relief can toll the period of limitations.  28 U.S.C. § 2244(d)(2).

A new claim in an amended petition that is filed after the expiration of the AEDPA limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005).

In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655–64.  Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657.  The reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to

the same operative facts as those initially alleged" will relate back and be timely. 545 U.S. at 659 and n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

Here, the parties do not dispute that in order to be timely the claims in Dodd's Amended Petition must relate back to the timely original Petition. (*See* ECF Nos. 33, 39 at 3.) Respondents assert that grounds 1(A), 2, 3(A), 3(B), and 4 do not relate back to a timely-filed petition. (ECF No. 33 at 7-9.)

**Ground 1(A)**

In ground 1 Dodd contends that the trial court erred by admitting unduly prejudicial evidence of Dodd's one-night encounter with Ryan Bonnenfant and by failing to issue appropriate limiting instructions immediately before each witness who testified to prior bad acts. (ECF No. 22 at 19-31.) Respondents seek to break the claim down as: (A) trial court improperly admitted evidence of the encounter with Bonnenfant; and (B) the prejudicial effect of the bad act evidence was compounded by the district court's failure to appropriately give a limiting instruction. (ECF No. 33 at 4.) Then they argue that 1(A) does not relate back. In Dodd's original Petition, she argued more generally that her trial was impermissibly tainted by the admission of prior bad act evidence and then argues that the trial court erred by not giving a limiting instruction before each bad act witness testified. (ECF No. 1-1 at 5.) The Court agrees that the original Petition makes a broader statement, while the Amended Petition focuses the most on Bonnenfant's testimony. However, in the Amended Petition Dodd also argues that, in addition to Bonnenfant, six other witnesses gave unduly prejudicial testimony and the trial court failed to give a limiting instruction before each witness testified. The Court concludes that while ground 1 in the Amended Petition includes more specific arguments, it stems

from the same core facts as the claim in the original Petition and does not depend upon events separate in time and type from the originally raised episodes. Ground 1(A) relates back and is, therefore, timely.

**Ground 2**

Dodd argues that the trial court improperly considered her apparent lack of remorse at sentencing and sentenced her excessively in light of all the circumstances. (ECF No. 22 at 31-38.)  Dodd did not raise this claim, or anything remotely related in her original Petition. Ground 2 does not relate back to a timely-filed claim. The Court thus dismisses ground 2 as untimely.

**Ground 3(A)**

Dodd contends that her trial counsel was ineffective for failing to call a forensic pathologist at trial to oppose the State's expert. (ECF No. 22 at 41-45.)  She explains that the State's expert testified at the preliminary hearing that he could not determine which of the two shots was fired first, but at trial he testified that the shot to the neck occurred before the shot to the head. In her original Petition, Dodd argued that her counsel failed to call an expert witness and that the State's expert gave one version of his findings at the preliminary hearing and a different version at trial. (ECF No. 1-1 at 12.)  The Amended Petition does include allegations that trial counsel had consulted with a pathologist who also stated that she could not determine which shot was fired first. But the Court concludes that the amended claim still arises from the same core facts as the original claim. Ground 3(A) relates back to the original Petition and is, therefore, timely.

**Ground 3(B)**

Dodd asserts that her counsel was ineffective for failing to call a DNA expert at trial. (ECF No. 22 at 45-47.) While Dodd argued in her original Petition that defense counsel failed to consult with an expert regarding blood spatter and "alternate scenarios of the victim's body" to refute State experts and emergency responders, she did not present a claim that counsel failed to call a DNA expert. Ground 3(B) does not relate back and is, therefore, dismissed as untimely.

**Ground 4**

Dodd argues that her trial counsel was ineffective for failing to investigate and present evidence that Byron Kreck was a potential alternative suspect. (ECF No. 22 at 47-50.) She asserts that Kreck, with whom she had an affair, had a criminal history and had had an altercation with the victim a few months before the victim's death. She argues that counsel failed to investigate his alibi. In her original Petition, Dodd argued that her counsel failed to investigate Kreck's background, motive and alibi, including failing to present evidence of the earlier altercation between Kreck and the victim. (ECF No. 1-1 at 7.) Ground 4 relates back to the original Petition. Accordingly, ground 4 is timely.

### b. Exhaustion/Cognizability

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also*

*Duncan v. Henry*, 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).  "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106.  However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004); *see also Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990) ("noting that [the federal court] ha[s] no authority to review a state's application of its own laws").

**Ground 1**

This is the claim that Dodd was denied a fair trial because the court improperly admitted unduly prejudicial evidence of Dodd's affair with Bonnenfant and failed to give appropriate limiting instructions before his testimony and the testimony of six other witnesses. (ECF No. 22 at 19-31.) Respondents argue that Dodd did not present this claim to the Nevada Supreme Court as one of federal constitutional error, and therefore it is unexhausted and/or noncognizable as a state-law claim. (ECF No. 33 at 10-11.) When Dodd raised this claim on direct appeal, she invoked federal caselaw and argued

that such bad acts evidence can "so overpersuade [the jury] as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge." (Exh. 114 at 31, quoting *Michelson v. United States*, 335 U.S. 469, 476 (1948)).  The Court concludes that Dodd sufficiently apprised the state appellate court that she alleged a federal constitutional violation and declines to dismiss ground 1 at this time.

### III.     Conclusion

It is therefore ordered that Respondents' Motion to Dismiss **(ECF No. 33) is GRANTED in part and DENIED in part** as follows:

Grounds 2 and 3(B) are **DISMISSED** as untimely.

Ground 1 is exhausted.

It is further ordered that Respondents have 60 days from the date this order is entered within which to file an answer to the remaining grounds in the Amended Petition.

It is further ordered that Petitioner has 45 days following service of Respondents' answer in which to file a reply.

DATED: 19 August 2024.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE